IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLEN H. FARNWORTH, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-493-S-MHW |
| ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | |
| OLIVIA CRAVEN, Director of Idaho ) | |
| Pardon and Parole, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court in this prisoner civil rights case is Defendant Olivia Craven's Motion for Summary Judgment (Docket No. 41). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket No. 22). Having reviewed the parties' filings, as well as the record in this case, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

### MOTION FOR SUMMARY JUDGMENT

**A.   Factual Background**

Plaintiff is an Idaho Department of Correction (IDOC) inmate who was seeking release on parole in July 2005. The defendant in this case is Olivia Craven, Executive Director of the Idaho Commission of Pardons and Parole. This case concerns whether

**MEMORANDUM ORDER  1**

Defendant violated Plaintiff's First Amendment rights in requiring him to attend the Therapeutic Community Program, which required him to attend Alcoholics Anonymous or Narcotics Anonymous, both religion-based programs prior to considering his eligibility for parole. Plaintiff had a second hearing before the Idaho Commission of Pardons and Parole in July 2007. He was subsequently granted parole and has been released on parole.

Plaintiff previously was granted leave to amend his Complaint to add a second defendant by March 2007. Plaintiff failed to file an amended complaint. Plaintiff now requests leave to amend his Complaint to add a claim for monetary damages.

**B.     Standards of Law**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record demonstrating that there

**MEMORANDUM ORDER  2**

appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. at 252.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The law has been clear for many years that an inmate may not be forced to participate in a religiously-oriented prison program.  *See Warner v. Orange County Dep't*

**MEMORANDUM ORDER  3**

*of Prob.*, 115 F.3d 1068, 1074 (2d Cir. 1996); *Kerr v. Farrey*, 95 F.3d 472, 474 (7th Cir. 1996); *cf. Lee v. Weisman*, 505 U.S. 577, 587 (1992).

**C.    Discussion**

Here, for purposes of argument, the Court assumes that the Therapeutic Community that was required of Plaintiff to achieve parole eligibility in July 2005 had a religious component.[1]  Defendant Olivia Craven is the executive director of the Idaho

---

[1]  The Ninth Circuit recently determined that, as early as 2001, the law was clearly established that coerced participation in AA/NA was unconstitutional based on the Establishment Clause. See *Inouye v. Kemna*, -- F.3d --, 2007 WL 2850445 (9th Cir. 2007).  In *Turner v. Hickman*, 342 F.Supp. 2d 887 (D.Cal. 2004), the court comprehensively analyzed whether the NA program, based upon the AA program, had religious content.  That court reasoned:

> As disclosed by the record, the NA program plaintiff was required to attend is fundamentally religious, based as it is on the concept of a higher power to which participants must submit. *See Black's Law Dictionary* (8th ed. 2004) (defining "religion" as a "system of faith and worship usu. involving belief in a supreme being and usu. containing a moral or ethical code; esp., such a system recognized and practiced by a particular church, sect, or denomination. . . ."). The suggestion that plaintiff could meet the parole board's requirement of successful completion of NA by "learn[ing] those 12 steps, work[ing] those 12 steps," by expressing a belief in "God" while reflecting on something completely at odds with all traditional notions of "God," simply is not creditable under the circumstances of this case. *See Kerr*, 95 F.3d at 480 (rejecting notion that "concept of God could include the non-religious idea of willpower within the individual," where case was not one in which religious references were merely "incidental"); *Warner*, 115 F.3d at 1076 (rejecting non-sectarian argument made by defendants because, inter alia, "the claim that non-sectarian religious exercise falls outside the First Amendment's scrutiny has been repeatedly rejected by the Supreme Court"). *See also Warburton*, 2 F.Supp.2d at 318 ("The emphasis placed on 'God,' spirituality and faith in a 'higher power' by twelve-step programs such as A.A. or N.A. clearly supports a determination that the underlying basis of these programs is religious . . ."); *Cox v. Miller*, 296 F.3d 89, 94, 108-09 n. 11 (2d Cir.2002), *cert. denied*, 537 U.S. 1192, 123 S.Ct. 1273, 154 L.Ed.2d 1026 (2003) (in reviewing claim of cleric-congregant privilege in habeas case, summarizing history of AA and concluding that AA's activities "must be treated as religious for purposes of [ ] Establishment Clause analysis"); *but see Stafford v. Harrison*, 766

**MEMORANDUM ORDER  4**

Commission of Pardons and Parole.  The Idaho Court of Appeals has characterized her statutory powers as follows:

> The executive director is described as the spokesperson for the Commission; however, the director is not a member of the Commission. Rather, the director serves as a full-time employee for the Commission. The director's duties include handling the daily administration of the Commission, acting as an advisor to the Commission, and acting as a liaison between the public and the Commission. A review of the pertinent statutes reveals that there is no prohibition against delegation of such authority to the director. As explained, the approval of recommended parole conditions is, pragmatically, part of the daily administration of the Commission. We agree that the Commission may lawfully delegate specific authority to the director to act in its behalf in approving the Board's recommended parole conditions.

*Mellinger v. Idaho Dept. of Corr.*, 757 P.2d 1213, 1219 (Idaho Ct. App. 1988).

Based on the foregoing, assuming that a First Amendment violation occurred, the Court finds that Craven would be responsible for enforcing injunctive relief, such as a new parole hearing.  However, Plaintiff's claim is moot because Plaintiff has already been given a new parole hearing and has been released on parole.

The Court agrees that to allow Plaintiff to amend his Complaint against Craven to request damages would be futile.  Craven, as executive director of the Commission, is

---

F.Supp. 1014, 1016-17 (D.Kan.1991) (pre-*Warner* and -*Kerr* decision commenting that "[w]hile the spiritual nature of [AA] cannot be denied, the court is not persuaded this program may properly be characterized as a religion. The central text of the program ... refutes such a suggestion.... Further, the belief in a Supreme Being 'cannot be sustained as a distinguishing characteristic of religion.' " (citations omitted)).
   Based on the above, the undersigned recommends that this court join the Second and Seventh Circuits in their determination that requiring participation in NA is an establishment of religion prohibited by the First Amendment.
*Id*. at 896-97.

**MEMORANDUM ORDER  5**

entitled to absolute immunity for her actions in requiring Plaintiff to complete the religious-based program as part of parole eligibility as alleged in the Complaint, as the Court will explain.  Because the Court is vested with authority to dismiss claims that would be barred by immunity under 28 U.S.C. § 1915(e)(2)(B)(iii), it need not permit an amendment containing a claim that would be subject to dismissal.

The United States Supreme Court has determined "that some officials perform 'special functions' which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability." *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993).  The Supreme Court has determined that common law immunity considerations "support[] a rule of absolute immunity for conduct of prosecutors that was 'intimately associated with the judicial phase of the criminal process.'"  *Id*. at 270 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

A court analyzing immunity issues must always look to the function being performed – whether it has a "functional tie to the judicial process," or whether it is merely investigatory.  *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (citing *Buckley*).  In *Swift v. State of California*, 384 F.3d 1184 (9th Cir. 2004), the Ninth Circuit Court of Appeals held that absolute immunity extends to members of state parole boards for the actual decision to grant, deny, or revoke parole and for actions "integral to those decisions." *Id*. at 1191.  "Because parole conditions are an integral part of the decision to grant parole, their imposition is a quasi-judicial function and entitle Defendants to

**MEMORANDUM ORDER  6**

absolute immunity." *Cordell v. Tilton*, -- F.Supp. 2d --, 2007 WL 2712149 (D. Cal. 2007); *accord Swift*, 384 F.3d at 1188.  Defendants who "seek absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope." *Butz v. Economou*, 438 U.S. 478, 506 (1978).

Based on the function test, it is clear that Defendant Olivia Craven, executive director of the Idaho Commission of Pardons and Parole, is entitled to absolute immunity for her exercise of discretion in imposing parole conditions, such as completion of the Therapeutic Community Program involving AA and NA.  Absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted).  When absolute immunity applies, it means that a state actor is not liable for monetary damages.  *Stump v. Sparkman*, 435 U.S. 349 (1978).

Based upon all of the foregoing, Defendant Craven is entitled to absolute immunity, and thus, the Court will not permit Plaintiff to amend his Complaint to allege a claim for damages against her.  In addition, Plaintiff was provided an opportunity to amend his Complaint to add a non-Commission defendant by March 30, 2007, and to complete discovery on that and all claims by August 2007, but both of those deadlines have passed without action.  As a result, the Court will dismiss this case against Olivia Craven with prejudice.

**MEMORANDUM ORDER  7**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket No. 41) is GRANTED. Plaintiff's case is DISMISSED with prejudice.



DATED: **November 30, 2007**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM ORDER  8**